I represent the appellant respondent Thomas Blackledge in this case. This is a Adam Walsh Act case. The Adam Walsh Act involves the involuntary civil commitment of persons who are deemed sexually dangerous. Sexually dangerous means, well, there's three elements. Number one, that the person has previously engaged or attempted to engage in sexually violent conduct or child molestation. Number two, they have a serious mental disorder or illness. And number three, their serious mental disorder or illness is such that they would likely re-offend, they would likely commit further acts of sexual violence or child molestation if released from incarceration. Now this case involves a situation, well, let me further expand upon that. The Adam Walsh Act requires representation by counsel of the respondent. And that's the way the statute's worded. 18 U.S.C. 4247D says the respondent shall be represented by counsel. So it's an issue that counsel is required, sorry, mandatory. Correct, Your Honor. It doesn't say he shall be appointed an attorney or shall have the right to an attorney. It says shall be represented by counsel. And it further says that if the respondent cannot afford counsel, counsel will be appointed to represent him pursuant to the Criminal Justice Act of 1964. So my first point is that there's a statutory requirement that the respondent in these Adam Walsh Act cases be represented by counsel as a requirement. Now it's statutory, not necessarily constitutional. Now the government has argued, and I even wrote in Blackledge's brief, that there is no Sixth Amendment right to the effective assistance of counsel in these hearings. However, I would submit to the court that that section that talks about representation of counsel, 18 U.S.C. 4247D, is a due process statute. It basically talks about several things. It talks about the hearing, it says there shall be a formal hearing, the respondent shall be represented by counsel, counsel shall be appointed. What was your client entitled to under the statute that your client didn't get? I believe he was entitled to the effective assistance of counsel pursuant to the due process clause of the Constitution. So your argument is just he was entitled to effective assistance and that was it? He was entitled to the effective assistance of counsel and he didn't get it, is what I'm arguing on appeal. And that effective assistance of counsel would have netted him what in this case? That effective assistance of counsel would have gotten him another attempt to find an expert that could have offered him a defense to the accusation. You see the manifestation of the violation of the right to counsel as being he didn't get at least a chance to get another expert. That's correct, Your Honor. But he got every expert he was entitled to under the statute already. He, I don't know, I don't know that he got every expert he was entitled to. The statute says, Entitled to, I said entitled to. Yes, Your Honor. He had one bite of the apple prior to that. But when you look at an ineffective assistance, if you apply an ineffective assistance analysis, the necessary component is always prejudice. And we have no idea what Dr. Plowd would have said in this case. And so how do you establish that Mr. Blackledge was prejudiced within the meaning of ineffective assistance if we have no idea whether Dr. Plowd would have supported his position? Your Honor, I analogized with the Maples case, which is a criminal case. Right, but I'm talking about ineffective assistance. Right. And the components of the standard that counsel performs and the prejudice component, the reasonable probability of a different result. So if we agree with you that the ineffective assistance lens applies here, don't we have to find that there's a reasonable probability of a different result? And that, in fact, would hinge on whether Dr. Plowd had a different opinion. And we don't see that in the record. So isn't that a problem in terms of the burden that you're bearing here today, arguing ineffective assistance to counsel? Well, I don't see it as a problem in the classic sense because this is a case in which it's predictive in nature. Where's the prejudice that you've demonstrated, the reasonable probability of a different result? Well, again, what is it? You haven't. You have to concede that, don't you? I don't necessarily concede it because it involves probabilities, and the question is where's the cutoff? There was no guarantee that- Well, is there any probability as opposed to a possibility? Well, I would submit there's a non-zero probability that he could have found somebody to testify on his behalf and say he was not sexually dangerous. You think that there was what? A non-zero probability that he could have found somebody. How do we know that? Isn't that speculation? It was speculation to begin with, I would submit. Otherwise, why have a hearing? If the government steps forward and says he's sexually dangerous, I mean, why- Because the statute allows you to have experts, and you have experts, and they all line up. There's an issue. The question is if you want- You said you got everything you were entitled to under the statute as far as experts. You want another one. What do we know that other one's going to say? How do we know that? We don't. We don't. We didn't know what the first one was going to say. Counsel, I'm surprised you don't- The answer to- At least one answer might be to Judge Keenan and Judge Shedd's question is we know because the judge told us that he would testify in favor of your client. Didn't he? Yes, Your Honor. And exactly. He said it. He said, yes, I have not seen any case where he found someone needing to remain retained. So he's established it himself. Now, what the opportunity is- Now, you could say that cuts both ways. You could say, well, the judge maybe was being facetious- Not facetious, but saying, yeah, well, I know what he's going to say, and that might be forecasting how much credibility he gives it. But that doesn't mean that a lawyer might not be able to say, once getting that favorable diagnosis, be able to say, yes, Your Honor, maybe others are similar, but this is different because- Here, you can accept it, where others you didn't. But the judge said that he would have given one. That's what he said. Well, Dr. Plowd himself, though, said that he couldn't say up front. Isn't that true? Yes, Your Honor. The problem with the- Because if Dr. Plowd wasn't willing to opine when asked to do so ahead of time, aren't we speculating, nonetheless, no matter what Judge Dubbert said? Dr. Plowd has a couple of problems. Number one, three experts have already said Thomas Blackledge is sexually dangerous.  Dr. Plowd has a professional license to protect. And I would also submit that these forensic psychologists and psychiatrists are probably a lot like lawyers in terms of how they get paid, time is their stock in trade. So for them to render an opinion about whether or not somebody is sexually dangerous, they've got to plow through some information, probably reams and reams of paper and what have you. And he wants to know that he's going to get paid before he starts doing that, so he can't- That's why it's not really- That's why the problem is- any purported problem is greatly diminished. This is not the first expert that you ask for under the statute. You already have that. You didn't like his- your client didn't like his results. But the trial judge gave him an opportunity to find another one. He didn't say, you're cut off, that's it, until they got to the very end. He said, I'm going to keep the discovery period open until December 2011 for you to try to find somebody else. Is that no good deed going unpunished? Because he just tried to say, I'll try to accommodate you if I can. When you don't get accommodated, his statement that he will try to accommodate you is used to hurt the judge in this situation. I'm not trying to use- I mean the judge's decision. I'm not trying to use it to hurt the judge's decision. It's a discretionary decision, but ultimately he said, I'll give you a chance. If he had not made that statement, would you have this same argument? I think- Because then you'd be faced with, there's nothing that we get in the statute that we haven't gotten. It would not be an attorney ineffective assistance argument so much as maybe a due process claim. Saying, hey, you should have given me another opportunity to find somebody else. I'm saying, but aren't you making an ineffective assistance claim? I am because- And isn't that premised on the judge's statement that he would consider another request? Yes, Your Honor. Then my point is, that statement that he made in trying to be thoughtful and helpful and not, it appears to me, and not just saying, no, I don't care what you say, he's trying to show that he's listening to your side of the argument and he wants to see what unfolds. But without that statement, you don't have an ineffective assistance counsel argument, do you? Do you have one? Well, no, I don't think so. But the problem is, this is, like I said, predictive in nature. We're looking inside Thomas Blackledge's head to try to figure out whether he's sexually dangerous. And so the judge has to rely on experts to do that. But the truth is, he has all the experts, including one for you, that the statute mandates or authorizes, that authorizes. Right. Hadn't he gone to the extent of what the statute anticipates or allows him to do right off? Hadn't he done that for you? Well, what I would refer the court to is the case I cited, Jacobs v. United States, page 30 of my brief, which talks about how to address when a respondent or a defendant comes to the court and says, I want funds for an expert, how is the court supposed to address it? It's a discretionary decision, but the court looks at, number one, whether expert testimony is required to develop the respondent's position, not any position or a position, but the respondent's position. And number two. But this statute anticipates. This statute isn't so much concerned with being sure you have great arguments. It's being sure that the court gets the information in front of it that it needs. And that's why there's the allowance for the expert or for the petitioner or defendant, whatever you call them in this case. Isn't that right? And he had that. Well, the respondent is due due process. He gets a formal hearing. Right. But you're not arguing that he didn't get that. He got a formal hearing. He gets representation. I thought your argument was ineffective assistance of counsel. It is. That's the only due process argument you have, right? Well, no, I have other arguments. I mean, there's the argument that. On ineffective assistance of counsel? Well, not on ineffective assistance of counsel, but that the court used the wrong standard in determining whether or not to let him find another expert or to extend the discovery period to try to find another expert. The other problem is Attorney Allen is in a tight position because that's the trial attorney for the respondent. And that's because suppose she goes and looks for another expert and she can't find one, or maybe Dr. Potts said, you know, I've looked at it and I think he's sexually dangerous too. She can't come back and relay that to the court or she's prejudicing her client's case. So that's a tension that's created when the judge says, okay, you need to prove to me that you're. What if that had happened? What if she said, I've talked to expert Plowd, Your Honor, we would like another expert. And he goes, well, I'll think about it. And then she's not in the case as you suggest. Does that still make out ineffective assistance of counsel claim? As long as she's trying to do her job or trying to get him the defense, the ammunition he needs to develop his defense, she's not committing ineffective assistance of counsel. But she didn't do that. No, no, no. I'm talking about it. What if she were, and I'm changing the facts a little bit, and she got Plowd authorized and she goes back to the court and goes, Your Honor, I'm really, we couldn't work with him too well. I want you to appoint another expert. And the judge goes, well, you know, I've appointed, already appointed four in this case. I'll think about it, though. I'll think about it. And then she conducts herself in a way that you think is abandonment or whatever you call it. Does that fail you for her to pursue the fourth or fifth expert? Is that ineffective assistance of counsel? I don't think it's ineffective assistance of counsel on those facts. Why isn't it? Because the judge didn't say. He did. He just used whatever language he used. He said that again after she talked to Plowd and Plowd didn't work. And she goes, Your Honor, we've talked to him. Thank you for letting us do that. We've talked to him. Things aren't really working out because she doesn't want to disclose. Could we have another expert? And whatever language the judge used, which is I'll think about that at a time, I'll let you apply, he used that same language again. And then she acts in a way that you sort of think is, you would say abandonment or whatever you would call it. Does that make that an ineffective assistance? Because she didn't rigorously pursue the fifth expert? I would argue that personally. Okay. I think that's consistent. She's not seeking the ammunition she needs to develop her client's case, basically. And that's the point of the ineffective assistance argument. The other aspects are the denial of the request. Once she got back in the game and said, Oh, by the way, I need Dr. Plowd. And the court said, No, too late. We're going forward. I argue that was there. And additionally, the conversation the chief judge had, the district court judge had with the respondent at the time, he's asking for a new attorney. Because in my brief, I argue that this case is analogous to Maples. Maples says, Hey, this creates a conflict of interest when you have this attorney abandonment and a default is created because a deadline is missed. And Attorney Allen recognized that. She found the case, argued it to the trial court, and the trial court said, No, we don't see an abandonment, is what the trial court said. But I argue there is an abandonment. But then the court had this conversation with the respondent and said, What if I give you a choice and say you can proceed with Attorney Allen or you can proceed to represent yourself? That's an error because the statute requires representation. And the reason it's an error is because the reason it's not. Can you waive it? No, I don't believe you can waive it. It's statutorily required that you be represented. Oh, wait, wait, wait. You can waive constitutional rights and you can't waive a provision of a statute? That's your argument? You can waive your right to a trial. You can waive your constitutional right to a trial, but you can't waive a statutory provision? That's really your argument? Well, the allegation is that the person is mentally ill. No, no, if he's competent to do it. You can be competent. Let me ask you this much. A mentally ill person who is sexually dangerous can't be mentally competent to be involved in legal proceedings? That's not the same measure, is it? No, it's not your argument. Okay. You back down from your argument on that? Well, I thought it was a strong argument. There's a difference because the Constitution doesn't say that you shall have a lawyer. That's why it took us so long until we got to Gideon. It took constitutional interpretation by the Supreme Court after 1963. But here the statute says, for this proceeding is so important, that no, you shall have a lawyer. It becomes, as the French would say, a piece de resistance. I mean, you can't go forward without it because, as you said, we're dealing with somebody. At least the government is contending there's so much under a mental condition that they're dangerous. We don't want to proceed without that person having a lawyer. So even if it does, I think Judge Shea's question does raise sort of an interesting irony that the Constitution ought to be, but here there's some things that are so important it's almost like saying you have an operation, a physician shall be in the operating room because it's that important. What's going on is the procedure that draws it. But can you get to the issue about denying the motion to withdraw? I think that's an important part of your argument, isn't it? Yes, Your Honor. The denial of Attorney Allen's motion to withdraw, I think the judge primarily predicated on his belief that an abandonment did not occur, but he also predicated on his belief that there was no conflict.  I agree with that, Your Honor. It's clear. She said it was a breakdown of communication. The judge denied it without any inquiry. I would agree with that assessment. I'm surprised you didn't at least sneak that into your beginning conversation. Well, you argue the case the way you want, but it's in your brief so you don't waive it. Right, Your Honor. Did the judge give her an opportunity or them an opportunity to explain what the conflict was? The magistrate judge did. And they said what to that? They said we'd rather... We've explained ourselves well enough in court. Yeah, we've explained. You don't need to hear anything more. We've said enough. Correct. Can a judge make a determination on that, that there's not a reason to replace counsel? Well, she argued Maples. Maples said, hey, there's a conflict when this happens. The attorney should seek to withdraw, and that's what she stuck by. By the way, and I'd note, too, I didn't say the right to counsel. I said the right to a trial by jury could be waived, constitutional right. It's odd to me that there's a theory that you can waive an explicit constitutional right, but you can't waive one that's implied from the Constitution. That seems a little bit odd, don't you think? Well, I think it goes back to the due process clause, and the whole question is, all we have to do is afford this guy due process. Are we doing that if we let him represent himself when he's accused of being mentally ill? Can't you waive due process rights? It's just that you don't think you can? I haven't fully fleshed out that question, but my answer to that is we want to rely on the decisions of the court, and in order to rely on those as being good decisions and correct decisions, there should be a form of due process in place. It's kind of like checking the blocks going down the line, making sure we're doing everything right, so that the ultimate decision can be relied upon as being a just, correct decision. You don't really think that means that certain provisions of due process could not be knowingly waived by somebody. You don't think that, do you? I think if it's... What theory is that, that you can't waive a constitutional right? If it's administrative, procedural in nature, like notice, you haven't received proper notice to this case, do you waive that right? Can we go forward today? Sure. But when it's more substantive in nature, like representation of a person who's allegedly mentally ill... What about a right to a trial by jury? Under the Constitution, you can waive that, can't you? Can't you waive that? People do it with guilty pleas all the time. But these are bench trials, so there's no jury in these cases, in these Adam Walsh Act cases. I didn't suggest there was. I'm talking about... You're saying the constitutional rights can't be waived. I think they can be waived. What you said is a right to representation can't be waived. I think that's your argument. Well, in a criminal case, you can waive your right to representation. But your argument here is he could not waive his right. I thought that's what you said. It is. The judge asked him if he wanted to go alone. You suggested that violated some right that could not be waived. It violates notions of due process. You know, it will call into question the judge's decisions allowing an allegedly mentally ill person to represent himself in a formal proceeding. But that's what I said to you in their different standard of mental competence to proceed in a legal proceeding or administrative proceeding versus the level of mental evaluation that leads to a predator or whatever. Isn't that different standards? From what I remember of the criminal law, I think I did a case on that several years ago where, yes, there is a different standard for assessing whether or not somebody can represent themselves and whether they're competent to proceed, say. But in general, I would submit that if it's a statutory requirement, it's a due process thing. And Congress is trying to make sure we're giving these guys due process. And, I mean, I'm sure the government will stand up and say, how can you trust a mentally ill person? So if they stand up and say, hey, I want to represent myself, should the judge say, okay, you can represent yourself? I think there needs to be an inquiry, as Judge Gregory suggested. And furthermore, the whole thing boils down to was Blackledge presented with an improper choice? Represent yourself or proceed with an attorney you believe is not acting in your best interest or is under some sort of conflict of interest? That's an impermissible choice I would submit. And there's a case... It's not impermissible if he doesn't want his counsel but there's no reason on the record or no reason for the court to replace counsel. Can't somebody... I'm not saying it adheres in this case or attains in this case, but can't a person go, that lawyer's completely competent, I don't like her, I'd rather go on my own. Then they can go on their own, even if they have a right to a lawyer, but they can... The court doesn't have to appoint another lawyer in a criminal proceeding just because you don't like your lawyer. I'm not saying that's the case here. You can go it on your own. Yes, Your Honor, in a criminal case. Okay. I think I'm running low on my time. Yeah, you are, because the light is red. Okay, so thank you. All right, thank you. You have some time reserved. Thank you. Ms. Walker? Members of the court, good morning. My name is Denise Walker, and I represent the government in the matter of the United States of America v. Thomas Blackledge. Your Honors, the government would ask you to find in this case that there was no error performed at the district court level, either that the district court judge made a clearly erroneous decision by finding that respondents' counsel had abandoned him nor abused his discretion in finding that there was no reason to extend the discovery period nor a reason to allow counsel for the respondent to withdraw. Also, there was no abuse of discretion by the trial court judge in not appointing a second examiner in this case. Why didn't the court, on what basis did the court make its decision to not allow the withdrawal of Ms. Allen? The court actually reviewed the three Mullen factors in determining whether or not to allow Ms. Allen to withdraw from the case. Both the magistrate court judge as well as the district court judge reviewed those factors. First, they looked at the timeliness of the filing of the motion and noted that it was well beyond the discovery period in this case. Secondly, they looked at the respondent's ability to fully flesh out his argument in the court. At the magistrate judge level, Judge Gates inquired of both the respondent and Ms. Allen regarding the presumed conflict that the two of them had with one another. Judge Gates also offered Mr. Blackledge the opportunity to go off record and have an ex parte communication if there was something that he did not want to divulge to the government that would reveal trial strategy. Mr. Blackledge declined that opportunity. Again, at the district court level, when Judge Gates' ruling was appealed, Judge Dever gave both the respondent and Ms. Allen the opportunity to place additional items on the record as to what forged this presumed conflict. Both denied to place any additional facts on the record. Therefore, the second prong was met, that the respondent had a full opportunity to flesh out his complaints before the court with regard to the third factor as to whether or not there is a complete breakdown in the ability between the respondent and his counsel to communicate. The court looked into that. Judge Gates asked Mr. Blackledge point blank, do you feel that there is a complete breakdown? Do you feel that there is a problem? Mr. Blackledge responded and said, well, I felt she's been ignoring me. When Judge Gates asked Ms. Allen if there was a way that she could continue with her representation of Mr. Blackledge, she responded that although it would be difficult, she could continue. Ms. Allen at no point said there was no possible way that she could represent Mr. Blackledge. And Mr. Blackledge said there's no possible, at no point did he say there's no possible way that I can continue with Ms. Allen as my counsel. Therefore, the three Mullen factors were fully explored by both Judge Gates. Judge Dever reviewed the transcript as well as the tape of the hearing that Judge Gates conducted, reviewed those factors on the record and made a finding that withdrawal was not necessary. And how do we review that fact, that determination? That determination is reviewed for an abuse of discretion standard. And it's the government's position that the trial court did not abuse its discretion in that finding. So you see it as when Judge Dever said, do you want to proceed with Ms. Allen or on your own? You just, you see that as, he was just saying, you're not entitled to another lawyer, but if you just don't want her there, I'll let you, let you go on without her. Actually, Your Honor, it's the government's position that in respondents' brief, there's actually a misconstruence of Judge Dever's dialogue there. If you read the full exchange of actually what happened, Judge Dever posits to Mr. Blackledge, do you want to proceed pro se? And if not, there, I won't quote it specifically, but Judge Dever puts on the record that should Mr. Blackledge not choose to proceed with Ms. Allen, that there may be a time period for a continuance there, not requiring him to go forward that day. Judge Dever is exploring the options that may exist. I wasn't talking about the timing as much as the representation. Judge Dever, it could be read a couple of ways, Your Honor, and without thinking into the mind of Judge Dever knowing exactly what he's saying, there's room there to say, because Judge Dever has already made a finding that withdrawal is not appropriate, that he is saying, if you choose to proceed without this attorney, there's been no finding that a replacement is prudent, you must proceed pro se. Judge Dever also, because of the additional exchange about the timing, allowing for a continuance is saying, you don't have to do that at this particular moment. If that goes to continuance rather than it goes to the choice of her or nobody, that choice was clearly put in front of him. That is correct, Your Honor, and the court posited to Respondent's Counsel with regard to whether or not that right could actually be waived. Due process rights are regularly waived, particularly the most common example is Miranda. Criminal defendants are given the opportunity from the onset of being brought into the process to waive every due process right that they have. Tell us about this bar complaint, though. I find very little in the record about that. How could the lawyer have represented the client in the face of a bar complaint? Does the record show anything about the contents of this bar complaint? Your Honor, there is a handwritten letter, which is contained in the joint appendix, and it's also referenced in. Perhaps we can shortcut. Tell me what the conduct alleged is. It's a two-line letter, Your Honor, which Mr. Blackledge says to the bar he would like attention to his matter and he would like the team of Graves, Shea, and Allen replaced on his case immediately. Right, but is there any reference in this appendix to the content of the bar complaint? No, Your Honor. In fact, Judge Dever makes a comment on the record that he's inquired further into it, and it's a very general complaint to the bar with no specifics being made. Additionally, Your Honor, I would point out for the court that with regard to a conflict of interest existing here, Ms. Allen places on the record in front of Judge Gates as well as Judge Dever that she's failed to timely file the second motion, as the court would have allowed, for a subsequent examiner. She puts on the record her mea culpa. Right, but I'm talking about the ethical issue of having a lawyer continue to represent a client after a bar complaint has been filed. I guess that might be different from state to state, but in Virginia a huge red flag goes up immediately. And it concerns me that things seem to sail along here and that really no attention or significant attention was paid to this bar complaint. Now, I agree with you that clients shouldn't be able to get rid of their lawyers by simply filing a bar complaint, and there are a lot of federal cases that say that this tactic will not be sanctioned. But did the court drop the ball by not considering this aspect of the case more? I don't believe so, Your Honor. As Judge Dever pointed out on the record, he equivocated this very generic bar complaint filed by Mr. Blackledge as one similar to a judicial complaint that a defendant would file in an effort to get out from in front of a particular judge. Because there were no particularities that Mr. Blackledge stated to the bar with regard to Ms. Allen's representation of him, Judge Dever didn't feel that there would be a conflict. Additionally, the only information cited by a respondent to the fact that a conflict existed is the equivocated statement that Ms. Allen made with regard to Dr. Plaude's opining as to whether or not the respondent met the qualifications under the Adam Walsh Act. The respondent compares the statement of Ms. Allen, which is an equivocated statement to the court about Dr. Plaude's opinion, versus that of Ms. Graves, which gave a more assertive position regarding Dr. Plaude's opinion. It's the government's position that Ms. Allen was actually being truthful and complete to the court when she stated that she was unaware as to what Dr. Plaude would opine. Dr. Plaude had not had an opportunity to interview the respondent. Ms. Allen, I'm sure, was aware that she may find herself in the same position that she had earlier when she believed that Dr. Campbell would find in favor of the respondent. However, after Dr. Campbell reviewed all the materials in this case and had an opportunity to sit down with Mr. Blackledge, he found that the respondent, in fact, did meet the qualifications under the Adam Walsh Act. Therefore, the fact that the statement is pointed out and labeling it as an equivocating statement as Ms. Allen intending to protect her own rights, it's the government's position that she's actually been forthcoming to the court as to not misrepresent evidence that exists in the case. What about her before even the bar complaint matter? She had an unidentified ethical conflict. She told the court that. Your Honor, she stated this internal conflict. Unethical. Unethical. Internal ethical conflict in her first visit to the court. However, there are no subsequent filings, and she did not request an ex parte communication with Judge Gates. She can't tell the judge. The judge is the trier of fact. That's like saying, I have an ethical problem. Let me tell the jury what it is. He's the jury. You can't tell the judge because the judge is going to decide the case. Your Honor, that would be true if she had the first hearing in front of Judge Devere. Judge Gates, being the magistrate judge in this matter, would have formed a backstop to that information. He could have fleshed out the internal ethical conflict that Ms. Allen claimed to have in this matter and then could have allowed her to be removed from the matter and then proceeded with new counsel. So you think it was her fault because she didn't flesh it out with the magistrate what her ethical conflict was? That's correct, Your Honor. I don't think it's the court's duty where a defendant has a statutory right to counsel and the counsel who is carrying forward on the case has said they have an ethical problem. I don't think it's the judge's duty to say, Counsel, we have to figure out what this problem is at least to the extent of whether it will preclude your representation. I can't hear it because I'm trying the case. Let's figure out a way without going into the specifics as to how I can address that. Isn't that a, as we call it, a sua sponte obligation of the judge rather than the lawyers to make sure that the statutory right is being protected when this man can be incarcerated effectively for a long, long period of time? Without making that patented inquiry to Ms. Allen, both Judge Gates and Judge Dever did inquire as to whether or not she would be able to continue in her representation. Right, but that's her opinion. I mean, without knowing the nature of the elephant in the corner, how can anybody reasonably say it's okay for Attorney Allen to proceed? Based on Ms. Allen's presentation to the court that she could. In her opinion, she could. That is her opinion. But what if, you know, what if there was a serious ethical conflict and we don't have any idea whether there was one or not based on this record? Doesn't there have to be somewhere in the record some sense of confidence that this lawyer did not have an ethical problem? Your Honor, the judges gave Ms. Allen an opportunity to proceed. Furthermore, any... I'm talking about the court's duty, not Ms. Allen. I'm talking about the court's duty to secure the statutory right to counsel and the integrity of the judicial proceedings. The lawyer stands up and says, I've got a serious conflict. The judge can sit there and just say, okay, if you think you're all right, if you're cool, I'm cool. I mean, doesn't the judge have to do more than that? And if not, why not? Judge Devereux did as much as he could on the record being the trier of fact so as not to cloud the actual proceeding itself. Furthermore... Isn't the lawyer who said there's an ethical problem the same lawyer that said she could proceed? That is... Wouldn't you... Is it incorrect for the judge to think you've called that to my attention? Can you proceed? It's not, can you proceed, put your ethical problem aside in light of you say it's an ethical problem, you're not telling me any more about it. This is sort of implicit. You're not telling me any more about it. Can you proceed in this case? Your Honor, I made the assessment. I think there's an ethical issue and I'm making the assessment. Under these circumstances, I can proceed. What's wrong with the judge thinking that the lawyer that says there's an issue says it can be dealt with? Isn't it the same lawyer making both assessments? Your Honor, it is the attorney making both assessments. Ms. Allen is an officer of the court, as both Judge Gates and Judge Devere pointed out. She's tried a number of these matters. If it were something of the nature that would arise to prevent Ms. Allen's representation of Mr. Blackledge, she could have brought that to the court when the court said, is there anything additional that would prohibit your representation? Not only that, but as an additional backstop to Ms. Allen's representation, the Federal Public Defender's Office at one point had three attorneys in this case. Mr. Blackledge was never at any point when his conflict with Ms. Allen arose represented solely by her. Ms. Graves and Ms. Shea made notices of appearance in this case and followed through and were with Mr. Blackledge both through the hearing and through the motions to withdraw. Now, Ms. Shea later filed a motion to withdraw for different matters to move on to other cases. However, Ms. Graves remained in the case. Therefore, Ms. Allen is not the only attorney who is representing Mr. Blackledge in any conflict that she has or any problem that she has in representation is cured by co-counsel's presence. The problem with counsel in these cases, and this is not any reflection on you at all, you're doing a fine job, both counsel are, but in these cases, they're very serious matters, obviously. But what you're talking about is people who have been convicted of a crime, sentenced, fulfilled that sentence, and now the government comes along, often at the very end, like a few days before they're to be released, saying they need to be there. And basically, it's so important because these are almost life sentences, because many people on your side of the ledger, and there's experts to support it, some people say you're never cured of pedophilia. So in a sense, you'll be saying this is a potential life sentence, and not a criminal matter, but a life sentence. And when you have a lawyer saying, I have an ethical conflict, you can't raise it and then resolve it, and the court is never even the wiser of what it was, the best is to say, well, can you still proceed? Yes. It's not even, can you proceed somehow with removing that ethical, that wasn't even inquired. Lawyers say, well, yeah, I'll proceed. But it seems to me that it's such an important thing in statutory right, that's why the issue, I just can't imagine you got a bar complaint against you, you know, when you have a situation, it's not a very friendly situation with your former client or your existing client when they're trying to take away your bar license, because that's your bread and butter. That's a serious conflict. Your Honor, however, there was another attorney on the matter. And as Your Honor pointed out, it is a serious matter. It could be life commitment. However, I will compare this to the criminal context. In criminal defendants' cases who are facing up to life imprisonment, they're only entitled, under the CJA, to one attorney. Only in death penalty cases does it trigger the right to have a second attorney representing that particular defendant. In this instance, Mr. Blackledge is not facing a death sentence, but he was represented by two counsel. Even if you remove or assume that Ms. Allen somehow, in her ability to represent him, possessed this conflict and couldn't do so adequately, you still have Ms. Graves. But Ms. Allen stayed in place. That's correct, Your Honor, but so did Ms. Graves. And as the court pointed out, the problem here is respondent can point to no harm that he sustained by the presence of Ms. Allen remaining in this case. He received the expert that he chose. He received an evaluation by that expert. It didn't come back the way that he wanted. Didn't counsel say, because I ask him that, what did you miss because of your claim of abandonment? And he said, we missed the opportunity that the judge might have considered giving us another expert. That's what he said, wasn't it? That is what he said. However, that's not true. If you'll look at the first order from the court denying the request for the second examiner, the court says you can file this again. We find it's not allowed without prejudice. There needs to be a showing of need. In the second motion that was filed, although out of time, there's still no need. There was no need in this case because there was no problem with Dr. Campbell's evaluation. The respondent at no point in time was able to show that there was a flaw in the science used, that Dr. Campbell somehow failed to meet the obligation. Did the judge say, I deny it because there's no need shown? He said, I deny this and give you an opportunity to refile showing that there's a need for a second examiner. But here you have a... Let's take this almost like a Mickens question. Don't you have actual conflict in this case? No, Your Honor, there is no... You have a bar complaint against you, that's not an actual conflict? No, Your Honor, it's not. Why not? Because to have an actual conflict in the case, it then goes to an evaluation of an ineffective claim. Was there a conflict such that Ms. Allen fell below the standard of an actual... We don't know. We don't know in this case because even though the judge said the bar complaint was content void, essentially, she was saying she had another conflict. Isn't that correct? That is correct. She was representing she had a separate ethical conflict. So how do we know that the integrity of the proceedings were safeguarded if the lawyer's saying I've got an ethical conflict unrelated to the bar complaint and the judge doesn't do anything other than say, are you fine with going ahead? And she says, yes, I'm fine, sir. And he said, let's do it. To me, it's surprising, frankly. We know that there was... And you're such a careful judge, and obviously he's careful and very good, that you wouldn't try to resolve this to make sure that the lawyer was having a... not getting the lawyer into trouble herself as opposed to the client. But we know this, Your Honor, because Ms. Allen, she missed no court proceedings. She was there. She participated in filing the pretrial order. She objected to evidence as it was presented. I'm talking about her confidence. I'm talking about her ability to represent Mr. Blacklidge, notwithstanding the ethical conflict that she represented she had to the court. But that's my point, Your Honor. The respondent can point to no issue or point or failure by Ms. Allen in the proceeding. Doesn't it come down to, then, whether the court has a sua sponte obligation to resolve the issue? Or where's the burden? Is this the court's burden to ensure the integrity of the proceeding? Or is this something that the defendant has to point to on the record that broke down as a result of any problem? Isn't that what we're pretty much having to decide here? We are, Your Honor. However, I think the court did meet its burden through two hearings. Judge Gates had the initial hearing where there was an exchange of information. Judge Dever then reviewed that hearing and had his own hearing. And at no point did Ms. Allen or Ms. Blacklidge, without even having to go into the specifics of what this conflict was, said there is a conflict that exists such that I cannot represent Mr. Blacklidge, nor did Mr. Blacklidge say there is a conflict that exists such that I have lost all confidence in Ms. Allen's representation of me. If we were to say that the court abused its discretion because the lawyer said she had an ethical obligation and he didn't remove her, and Judge Gates may be a woman, the judge didn't remove her, does the lawyer have an obligation to press the issue? If the lawyer thinks there's an ethical issue that provides a conflict of interest under which she cannot effectively act as a lawyer in this case, does she have an ethical obligation to press that with the court and offer information? Does she? Yes, Your Honor. Should we file if that's correct, then are you under an obligation as a bar member and are we under obligations as bar members to file an ethical complaint against her in this scenario? Your Honor, I don't believe it rises to the point of filing a bar complaint. However, I believe that the... Well, what are we to do? Don't you have an ethical obligation? If you see a lawyer who acts unethically, don't you have an obligation to file a complaint? I'm asking you. Your Honor, that's the point. Ms. Allen, as an officer of the court, had an obligation to present truthful information to the court. When posited by both Judge Gates and both Judge Dever, can you proceed? She opined yes. Beyond Ms. Allen's representation... But the point is this. No, but the point is this. If we were to say the judge abused his discretion because he didn't press further, didn't she abuse and not meet her obligations because she didn't press further? She may have an obligation and it may play out in what relief Blackledge gets, but if the basis is that there was an ethical question raised that wasn't disposed of in a way that we have confidence of what happened, doesn't... Independent of what we say in this case about the judge and our decision, don't we have an obligation to do something about her conduct? The onus would be on Ms. Allen. However... No, no, no. I said on us. About her. What onus... Your Honor... It's my understanding, at least the member of the South Carolina Bar is, if you see a lawyer act unethically, you have an obligation to report that conduct. I could be wrong, but I have done it before. I can tell you that. That would be... Privately, confidentially report what I consider to be unethical conduct. Maybe all bars don't have that requirement. That would be true, Your Honor. However, this court would have to assume that the ethical conflict remained in place throughout the course of the hearing. Well, she could explain it. She could... She could explain it to the bar. I'm just asking how the complaint gets resolved. I'm asking about the obligation on both your counsel's part, of Judge Devers' part, of our part, to file an ethical notice or complaint. I don't want to use the word complaint too strongly, but notify the bar that perhaps she acted in an unethical way. Wouldn't that adhere to in this case? Your Honor, it would be the government's assumption that whatever conflict that Ms. Allen had resolved itself, or she found resolution in that she was able to proceed with this matter and did so effectively. What if this court said that it wasn't resolved? The court did not get to a resolution of that ethical issue, insomuch so we had to reverse what he did. That would indicate the ethical problem had not been resolved to our satisfaction. In that instance, Your Honor, yes, you are correct. Then there would have to be a referral to the bar. I don't know. I'm just asking that question. It seems to me it might. Because that would indicate that Ms. Allen participated in a matter in which she was ethically conflicted, and that conflict. At least it raises that possibility, and it raises the possibility that she may have had a further obligation to press the court with that ethical obligation she could not. She notwithstanding what the court says, sometimes you have to disagree with the court and just say, Your Honor, I cannot do this. I cannot do it. And let's come up, and I think Judge Keene is right if that's the case, let's come up with another procedure. I have a problem, but I don't want to divulge any confidential information. But, Your Honor, we have to resolve this. And, Your Honor, that is the proceeding used generally in criminal proceedings under these matters. It's more prevalent there, and it's more pressing there because trial strategy is more of a secret in the criminal context than it is in the civil matters. And in those instances, it's very common for attorneys to come in and simply represent to the court, I have an ethical conflict that prevents me from representing my client I need to withdraw. The court then returns the question, You cannot proceed in your representation. The attorney, as an officer of the court, presents the information and says, No, I cannot. That's all the information that's required upon the record. Here, a similar exchange happened. Ms. Allen and Mr. Blackledge were allowed to present information about the conflict between the two as well as the presumed conflict. And then the question was posited to Ms. Allen, Can you proceed in the representation? As an officer of the court, Ms. Allen responded that she could, based on her representation to the court, that she could proceed in this matter. Neither Judge Gates nor Judge Dever abused their discretion in keeping saying in my experience as a district judge is just my experience. When a lawyer would say that I would ask them questions, but if they would tell me, Your Honor, I cannot resolve it. It just cannot be resolved because by the way you get complaints about irreconcilable differences in very many criminal cases, often on the eve of trial. And I often said, Under these facts, it's not an irreconcilable difference, but I'll remove counsel, maybe have them stand by and you can represent yourself. But I would say, And if a lawyer ever said to me, Your Honor, I just, I can't share with you, but I just have a problem I can't overcome. You give them the chance to say it. They'd say it. I think you do have to accept their word as an officer of the court. If they say it, I think that's where the inquiry stops. If they say they can't do it, then you have to move on. You have to say, you remove, you have to accommodate this. But that's not the case here. Miss Allen simply put that verbiage in a filing with the court. However, at both of the hearings, she and Mr. Blackledge interacted with one another. She was able to continue to make filings on his behalf. Even after the first motion to withdraw, she filed a supplemental joint pretrial order, working with the government, making objections to evidence. And then furthermore, she was given an opportunity to consult with Mr. Blackledge during the course of the trial, and she did. Is there any specific particular claim that the other side says arises out of this ethical conflict as far as potential ethical conflict as far as her conduct? No, Your Honor. And that was the original point. There's no harm that the respondent can show. There's no error that occurred in this trial. There's nothing that the respondent can put forward saying that Miss Allen failed. All I can see is the claim is that by her conduct, she missed a deadline, which deadline had it been met, maybe could have gotten another expert. Isn't that the asserted damage? That's the crux of this, Your Honor. They wanted a second examiner, which would actually go to their position that Mr. Blackley, I'm not going to make the argument. I'm trying to understand the record. That is the record. That's the most important thing he needed. But Your Honor, the fact is that that's a small matter. Like what he, all he wanted to do is, you know, have lunch. The fact of, for him, the only thing that could possibly help him is to find an expert that would side with him. And to say that the only thing impacted was that, how could that not be? That's very important to him. But the statute doesn't promise him an expert. But it promises him a counsel without an ethical conflict in pursuing it. And why isn't that a structural error in the trial? You know the difference between a structural error and an error that is essentially subject to harmless error review. Yes. And if you have a structural error, it can't be harmless. And generally speaking. Yes. Well, why isn't this a structural error? Because it would so permeate the whole trial. If you were being represented by somebody who couldn't be there, who couldn't be your lawyer, if they were ethically proceeding. That's why it just so, it bothers me that it's hanging like a cloud over this whole thing. And it could have been resolved very easily. Your Honor, because if you go into the realm of, had her motion been filed timely, there's still no guarantee that it would be granted by the court. Because the second motion looks exactly like the first. Right, but that doesn't answer my structural issue. If you have a structural issue, you're not arguing prejudice. You're saying it's so infested, or infected, the ability of this person to receive whatever right they had. In this case, the statutory right to counsel. And I'm not sure why this isn't a structural error. Because. To have a lawyer who had an ethical conflict. Who represented she had an ethical conflict. Maybe she doesn't understand her ethical obligations. Because if somebody stood up in front of me as a trial judge, saying I've got an ethical conflict, that yes, I can go ahead and represent the person. I'd say there's a non sequitur here. Something further needs to be done. Because if you have a true ethical conflict, you can't represent the person. Your Honor, and I think that's what was fleshed out at the hearings. The court was trying to determine if this was, in fact, a true ethical conflict. Or if this was simply verbiage that was put in a written motion. That was the purpose in the court having the two hearings on this matter. Additionally, there's no structural error here. Mr. Blackledge received everything that he was entitled to under the statute. He was represented by counsel. And he was allowed to have the appointment of an examiner of his choosing. The statute requires an examiner. It doesn't require an examiner until you get to one that finds that you don't meet your qualifications for Adam Walsh. I agree with everything you're saying about the examiner. I agree with everything. My problem is, does the court allow proceedings to continue when a lawyer says I've got an ethical complaint? And then just allows them to just go forward. But, Your Honor, I think Ms. Allen backed off from that position in the course of the hearings. When the judge posited to her point blank, can you continue in the representation of Mr. Blackledge? And her response being, it would be difficult, but I can. She backed off. But do we know under this record how she resolved her ethical conflict? No, Your Honor. She wasn't required to put that information on the record. She wasn't required? Not by the court's questioning, no. Oh, by the question, no. She wasn't required anything because she didn't ask many questions. Basically, the problem is, can you go forward? But at least something on the record ought to be there, to what it was and how it was resolved. But I think Judge Gates was getting to that point when he asked the very open-ended questions of what is the nature of the conflict in this case. And neither Mr. Blackledge nor Ms. Allen responded that there was an ethical issue. On the record at the hearing, Ms. Allen also did not ask for any ex parte communication with the court. She did not ask for any sealed filings to the court where she could flesh this issue out any further. And when asked if there were any other issues remaining, other than those that she had already put on the record at the hearing, she responded with no. All right. Unless there are further questions, thank you so much, Ms. Walker. Thank you, Your Honors. I just ask that you affirm the decision of the District Court below. Thank you. Thank you. Mr. Krauthammer? Krauthammer. First of all, the North Carolina rule is the same as the South Carolina rule. An attorney is required to report unethical conflict that he or she sees, to include his or her own. Secondly, Could you restate that? I'm sorry, I had a little trouble hearing the final part of your sentence. To include his or her own unethical conflict. You have an obligation to report unethical conduct. Correct. Secondly, it mattered how Attorney Allen learned of the bar complaint. Because attorneys get bar complaints all the time. Right, but this record is suggesting a separate ethical conflict, other than the bar complaint, isn't it? Or is it? And there may have been. But my point about the bar complaint is, is that if you learn of the bar complaint from your client, if your client says, I filed a bar complaint against you, you don't have to worry about it. You wait. If you get a call from the state bar that says, we've received a bar complaint and we need to talk to you about it, now you have a serious problem. You need to get to it or whatever. We don't know how Attorney Allen learned of the bar complaint. That's another thing I wanted to point out. Is this ethical conflict that she was representing she had, was that the bar complaint? Does this record clarify that or not? I don't know, Your Honor. I believe that one of the problems, one of the ethical complaints that she believes she had, was based on the Maples case. Where the United States Supreme Court says, hey, if you miss a deadline and you procedurally default your client, you have an ethical problem. You've committed an ethical problem. You have not acted as a zealous attorney or whatever. We don't know whether that's what she was referring to. I think that's part of it. I don't know if it's the full part of her ethical problem. So getting back to my bar complaint thing, one thing the court could have done is said, hey, how did you learn of this bar complaint? Did the bar call you or did your client tell you? What should the court have done on the so-called ethical complaint? Well, if there is an ethical complaint. No, no, no. Not if there is. Ethical conflict. Oh, the conflict. Ethical conflict. You mean the Maples conflict? No. What she said. She said ethical conflict. What she said. Oh, I would submit that the court needs to further flesh that out and determine to what extent. The court tried to, didn't it? What else should the court have done? Like I said, you could have asked, how did you learn of the bar complaint? Oh, leaving aside the bar complaint. And then if it's something else, if it's some other ethical conflict. What else should the court have done is my question. As the government suggested, they could have had another judge step in and said I need you to do an ex parte consultation with this attorney. Did Gates have done that? I don't know because Gates has to make a recommended order to Judge Dever about what to do. And they're sitting as a trial fact. Correct. At least from the report. Did they make a report? Even if he doesn't include whatever he learns from Attorney Allen off the record in the order, there may be some sort of impropriety suggested by whatever he recommends to Judge Dever to do. That's what I said. He makes a recommendation. So he's in the chain of trial fact. Correct. So I don't think he's the man to rely on. So have you made the claim in your brief, I can't remember, that they should have had an independent judge talk to her about her ethical conflict? I don't believe I made that. So now what would you say? He should have not asked her any further questions about it, but have appointed another judge to talk to her about it? I would submit that would have been the correct procedure. Going to the question of can you proceed, I would submit to the court that there's two meanings to that, and we don't know how Attorney Allen perceived it. In other words, can you proceed may mean I'm going to deny your motion to withdraw and I want to do this trial today. Can you go forward today? She says I have an ethical conflict, and she takes it in the second meaning. I've got an ethical conflict, Your Honor, but I can actually write documents. Do you think you have an obligation to file an ethical complaint against her? I don't mean complaint. Notify the bar of her unethical conduct, potential unethical conduct. I don't know that it rises to the level that I need to call the bar on her, Your Honor. I just don't know what her problem was. So should you complain in light of that so they can resolve it? Do you have an obligation to ask an independent lawyer to look at that for you? I don't think so, Your Honor. I would have a hard time if I were in a situation where I suspected there were ethical misconduct, but I didn't know for certain that I called the bar. But you're asking us to reverse the district court on that possibility, aren't you? There was an ethical conflict that wasn't resolved, and she went ahead, and therefore, based on that belief, you think, or that possibility, you think the district court should be reversed, don't you? Yes, Your Honor. So why then shouldn't something be said or done about her? You might be right about the court. You give her a pass? Well, there's different standards with bar complaints than there is with court proceedings, Your Honor. I couldn't bring her to the Fourth Circuit, could you? No, but you could sure write a letter to the bar, and that's a heck of a lot easier than bringing the case to the Fourth Circuit, isn't it? And do you hold your obligation under your ethical obligations on a North Carolina bar, you don't hold them any lighter than any lighter than vigorously representing your client at the Fourth Circuit, do you? I do not, Your Honor. I didn't think you did, because I don't either, and I wouldn't presume that you did. But it just seems to me, I'm just sort of walking through these questions now, I really am not sort of presupposing the answer, but I'm concerned that if her conduct, which is proceeding when she ethically could not do so, if that rises to the level of a problem for the judicial system, why isn't that a problem for her as an officer of the court? It may be, Your Honor. Okay. But I've always been taught as an attorney that if you believe you've got a problem, an ethical problem, you first go to the court, you ask the court for guidance, and whatever the court orders you to do, you're protected. You're protected by an order of the court. But if you try to resolve the issue without taking it to the court and without getting a court order, you're subject to discipline. That's what I've been taught as a lawyer. And when given an opportunity by the court to explain what you think, what the problem is, you don't give any more information? You don't think that fulfills your argument? Well, that raises another ethical problem, which is do you cast your client in a bad shadow? I don't know what her information was. Would she have cast Blackledge in a bad light if she had disclosed something to the court? I don't know. All right. Thank you. Thank you so much. We'll ask the clerk to adjourn the court. Senate die, and then we'll come down to Greek Council. This honorable court stands adjourned. Signed, God Save the United States and this honorable court.
judges: Roger L. Gregory, Dennis W. Shedd, Barbara Milano Keenan